## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALEJANDRO CIFUENTES, CARLOS CIFUENTES, and SAIN MORENO, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>FIVE STAR VALET, LLC., BRYAN LOPEZ, and IVAN SOTO,<br><br>        Defendants. | Civil Action No. 23-3945 (LDW)<br><br>**MEMORANDUM OPINION AND ORDER APPROVING FINAL SETTLEMENT** |

This matter comes before the Court on plaintiffs' revised motion for final settlement approval. (ECF No. 22). The parties have consented to Magistrate Judge jurisdiction for this motion and all further proceedings. (ECF No. 16). The Court makes the following findings of fact and conclusions of law in approving the settlement.

## I.  Background and Procedural History

1.      The parties' proposed settlement resolves plaintiffs' wage claims under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. 34:11-56a, *et seq*, and, the New Jersey Wage Payment Law, N.J.S.A. § 34:11-4.2, *et seq* ("NJWPL").

2.      Plaintiffs commenced this action on July 24, 2023 against their former employer, Five Star Valet, and its owners, individual defendants Bryan Lopez and Ivan Soto. Plaintiffs allege that defendants failed to pay them a minimum wage and overtime pay for time worked as valet attendants in excess of forty hours per week, in violation of the FLSA and the NJWHL. (Compl., ECF No. 1 ¶ 21).

3.    Defendants did not enter an appearance in this action; however, they retained counsel who proceeded to engage in settlement negotiations on their behalf with plaintiffs.  (ECF Nos. 11 and 22 at 1 ¶ 2).

**II.    Settlement**

4.    On February 22, 2024, plaintiffs wrote on behalf of both parties to advise the Court that, after continued negotiations, a settlement had been reached and submitted a motion seeking its approval.  (ECF No. 13).  Thereafter, the Court convened a telephone conference to discuss certain deficiencies it detected in the settlement agreement on May 7, 2024.  The parties proceeded to meet and confer and submit a revised motion for settlement agreement on May 30, 2024.  While the revised agreement contains the same terms as the original, the parties provided additional evidentiary support for their motion seeking final settlement approval.  (ECF No. 22).

5.    The parties agreed to settle this case for a total amount of $22,500.00 (the "Settlement Amount") in full satisfaction of plaintiffs' claims and their attorneys' fees and costs. (ECF No. 22 at 3).

6.    The parties further agreed that the settlement sum is to be paid in two installments of four checks each sent to Katz Melinger PLLC, counsel for plaintiffs, and distributed as follows.

  a.  First Installment:

    i.  A payment to plaintiff Alejandro Cifuentes in the amount of $3,128.67.  (ECF No. 22-1 at 3).

    ii.  A payment to plaintiff Carlos Cifuentes in the amount of $3,128.67. (*Id*. at 3).

    iii.  A payment to plaintiff Sain Moreno in the amount of $3,128.67.  (*Id*. at 3.)

iv. A payment to Katz Melinger PLLC of $5,614.00 for attorneys' fees and costs. (*Id*. at 3).

b. Second Installment:

i. A payment to plaintiff Alejandro Cifuentes in the amount of $1,667.67. (*Id.* at 3).

ii. A payment to plaintiff Carlos Cifuentes in the amount of $1,667.67. (*Id.* at 3).

iii. A payment to plaintiff Sain Moreno in the amount of of $1,667.67. (*Id.* at 3).

iv. A payment to Katz Melinger PLLC of $2,500.00 for attorneys' fees.

## III.   Final Approval of Settlement

7.      To approve an FLSA settlement agreement in the Third Circuit, the Court must determine that "the compromise reached 'is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" *Brumley v. Camin Cargo Control, Inc.*, Civ. No. 08-1798 (JLL), 2012 WL 1019337, at *2 (D.N.J. Mar. 26, 2012) (quoting *Lynn's Food Stores. Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

8.      In determining whether the compromise resolves a bona fide dispute, the Court must find that the settlement "reflect[s] a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching," and the bona fide dispute must be determined to be one over "factual issues" not "legal issues such as the statute's coverage or applicability." *Id.* (citations omitted).

9.      Here, plaintiffs claimed that their total pay owed, excluding liquidated damages, amounted to approximately $200,000. (ECF No. 22 at 2-3). While the Court was initially skeptical that the settlement amount constituted a reasonable compromise, upon further discussion with counsel during a May 7, 2024 telephone conference and the

submission of an affidavit detailing defendants' finances (ECF No. 22-3), the Court now determines that plaintiffs' agreement to settle for the significantly lesser amount of $22,500.00 constitutes a compromise of a bona fide dispute for three primary reasons. First, defendants maintain that they paid plaintiffs in full compliance with the applicable laws and admit no liability. Accordingly, there is no guarantee that plaintiffs would prevail at trial after protracted litigation. Second, given the early stage of the litigation, the settlement agreement permits plaintiffs to collect the settlement amount expeditiously, avoiding the attendant delays of litigating the action further. Third, as explained by counsel, the settlement forecloses the risk of defendants being unable to pay a more substantial award of damages should plaintiffs ultimately prevail at trial. (ECF No. 22 at 4 ¶ 3). To that end, the attached affidavit of individual defendant Bryan Lopez adequately demonstrates to the Court that defendants do not possess the means to pay a larger award of damages should one be secured. (ECF No. 22-3). Furthermore, plaintiffs' counsel has had the opportunity to review defendants' most recent tax returns, which sufficiently evidence defendants' minimal income. (ECF No. 22-3 ¶¶ 5-9 (reporting $0.00 in taxable income for 2021 and 2022)). The settlement thus serves as a reasonable compromise of these disputed claims.

10.     Additionally, the proposed settlement is the product of arms-length negotiation between parties represented by competent counsel. Nothing in the record before the Court indicates that the proposed settlement has been achieved through fraudulent or collusive conduct.

1.     The Court finds the release provisions contained therein fully comply with applicable law. (*See* ECF No. 22-1 ¶ 5). Although the release clause could be interpreted to go beyond a release of the wage claims, the Court hereby directs for all future purposes that the release be construed as limited to wage-related claims asserted in this action.

2.      Having considered the motion for final settlement approval, and for good cause shown, the Court grants final approval of the settlement memorialized in the Settlement Agreement (ECF No. 22-1) and approves the payments to be made to the plaintiffs in the amounts stated in the Settlement Agreement.

**IV.     Award of Attorneys' Fees and Costs**

3.      Plaintiffs' Counsel seeks $8,114.00 in fees and reimbursement for costs.

4.      Plaintiffs' Counsel did substantial work identifying, investigating, prosecuting, and settling plaintiff's claims. (ECF No. 22-2 (detailing attorney time records)).

5.      The fees requested represent slightly less than one-third of the total settlement amount, which has been held to be fair and reasonable in this district. *See Brumley*, 2012 WL 1019337, at *12 (collecting cases where attorneys' fees of approximately 30 percent of settlement funds were found reasonable).

6.      The Court finds that the amount of fees requested is fair and reasonable and approves an award of attorneys' fees and costs in the amount of $8,114.00.

**V.     Conclusion and Dismissal**

7.      The Court approves the terms and conditions of the Settlement Agreement.

8.      The parties shall proceed with the administration of the settlement in accordance with the terms of the Settlement Agreement.

9.      The Clerk of the Court is directed to terminate the motion at ECF No. 22.

10.     The entire action is dismissed with prejudice, with each side to bear its own attorneys' fees and costs except as set forth in the Settlement Agreement.  The Clerk shall mark the case CLOSED.

**It is so ORDERED this 28th day of June 2024**.


       *s/ Leda Dunn Wettre*
       Leda Dunn Wettre
       United States Magistrate Judge